(No. 849—Claimant awarded $980.66.)

CITY OF SPRINGFIELD, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed January 19, 1927.*

SPECIAL ASSESSMENTS—*when State liable.* Where a municipal corporation under a special assessment ordinance makes an improvement and by reason of such local improvement the property of the State is benefited, and the Legislature makes an appropriation to pay the principal of the assessment on the property of the State, the State is liable to pay the interest on the assessment in like manner as individuals or other property owners.

EDMUND BURKE AND W. EDGAR SAMPSON, for claimant.

OSCAR E. CARLSTROM, Attorney General; ROY D. JOHNSON, Assistant Attorney General, for respondent.

Mr. CHIEF JUSTICE CLARITY delivered the opinion of the court:

This claim was brought to recover interest accruing through the paving of Adams and Monroe streets by the city of Springfield in the year 1922. Monroe street is immediately north of the State Capitol building and fronting thereon are the Capitol grounds, the Arsenal and the State Electric Light plant. Adams street is one block north.

The cost of each of the improvements was provided for by special assessment. The ordinance for the improvements provided also that the assessments might be paid in yearly installments, the deferred payments to bear interest.

The 53d General Assembly made an appropriation to pay these assessments and it appeared that this money was offered to claimant on July 5, 1923, but claimant refused to accept such payments until on or about July 23, 1924, insisting that interest should be paid also.

It appears from the evidence in this case that State property was benefited by these improvements, the same as individual property owners involved in this improvement. The Legislature made an appropriation for the payment of the principal of these assessments. Therefore, it would appear to the court as a matter of equity and good conscience, the State should respond in like manner as the law provides in the case of an individual, citizen and property owner and consequently should pay interest on these assessments in like manner. However, it is the opinion of this court that such interest should only be paid up to the time the State offered to pay the principal which date appears to be July 5, 1923.

The claimant did not accept the money for nearly a year after the State first made the offer of payment. We are of the opinion that interest should not be charged after the offer of payment was made. It appears that the amount of interest due or accruing on these assessments up until July 5, 1923, will amount to $980.66.

Therefore, it is recommended by this court that the claimant be given an award in the amount of $980.66.